UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HILTON CAPITAL GROUP LLC,<br><br>Defendant. | Case No. 1:25-cv-01896-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 6) |

On December 17, 2025, Plaintiff William Redick initiated this action with the filing of a complaint, asserting claims both individually and on behalf of a putative class against Defendant Hilton Capital Group LLC. (Doc. 1). On February 5, 2026, Plaintiff filed a notice of voluntary dismissal without prejudice as to the individual claims and without prejudice as to class claims. (Doc. 6).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss the claims of the putative class without prejudice. (Doc. 6). No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(i), dismissal without prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class.

IT IS SO ORDERED.

Dated:   **February 6, 2026**   _____

                                UNITED STATES MAGISTRATE JUDGE